# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CARLOS MEJIA GALINDO | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 18-cv-2064-SMY |
| | ) | |
| DAMON ACUFF, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Carlos Mejia Galindo, a lawful permanent resident, is currently being held at the Pulaski County Detention Center in Ullin, Illinois pending a determination regarding whether he is subject to removal from the United States. (Doc. 1). Galindo has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention by Immigration & Customs Enforcement ("ICE") officials since March 2015.[1] (Doc. 1, p. 2).

An immigration law judge previously determined that Galindo was not removable, but the Board of Immigration Appeals ("BIA") disagreed and issued a removal order. *Id*. On appeal, the Seventh Circuit Court of Appeals concluded that the BIA was barred by statute from entering a removal order in the first instance and remanded the case. *Mejia Galindo v. Sessions*, 897 F.3d 894 (7th Cir. 2018).

Galindo argues that his detention is improper because he has been detained pending removal for longer than the six months presumptively allowed under *Zadvydas v. Davis*, 533 U.S.

---

[1] Petitioner was briefly released on bond from December 2016 through January 2017.

1

678 (2001) and because he has a bona fide defense to removal. (Doc. 1, pp. 11-17). He requests a declaratory judgment, release, or in the alternative, a bond hearing. (Doc. 1, p. 18).

This matter is now before the Court for a preliminary review of the Petition. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that, upon preliminary review of the petition by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives the Court the authority to apply the Rules to other habeas corpus proceedings, such as this action.

## Discussion

The habeas petition asserts that Galindo's ongoing detention violates certain constitutional provisions and 8 U.S.C. § 1231(a)(6). Specifically, Galindo alleges that he has been in custody for more than 6 months and that he has a bona fide defense to the removal proceedings. As such, the Petition cannot be dismissed at the screening stage.

## Disposition

**IT IS HEREBY ORDERED** that the Petition for a writ of habeas corpus shall proceed past preliminary screening.

**IT IS FURTHER ORDERED** that Damon Acuff shall answer the Petition within thirty days of the date this Order is entered. This Order to respond does not preclude the respondent from making whatever waiver, exhaustion, or timeliness arguments he may wish to present to the Court. Service upon the Administrator, Tri-County Detention Center, 1026 Shawnee College Road, Ullin, Illinois, 62992 shall constitute sufficient service.

Out of an abundance of caution, and pursuant to Federal Rule of Civil Procedure 4(i), the **CLERK** is **DIRECTED** to send a copy of the petition and this Order to the United States Attorney

for this District, and to send a copy of the petition and Order via registered or certified mail to the United States Attorney General in Washington, D.C., to the United States Department of Homeland Security, and to the United States Immigration & Customs Enforcement.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), should all parties consent to such a referral.

Petitioner is **ADVISED** of his continuing obligations to keep the Clerk (and Respondent) informed of any change in his whereabouts during this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED**

**DATED: 1/3/2019**

s/ STACI M. YANDLE
**U.S. District Judge**